JONES, Justice:
On June 8, 1965, appellant contracted with Jackson County School authorities to perform certain construction work for three school districts. Appellant subcontracted with one Jack J. Martin to do the painting required by said contracts for $3,300. Martin, for value assigned the proceeds of the contract to appellees and appellant accepted the assignment.
On December 7, 1966, appellee sued appellant in the Circuit Court of Wayne County, where he lived, for $1,200 balance due under the assignment. The lower court decided the case on the pleadings in favor of appellees, and it is brought here. The question to be determined is whether it was error for the trial court to grant a judgment on the pleadings.
We are reversing the case for another trial.
The declaration alleged substantially the foregoing facts, and in addition, charged:
That said Central Painting and Decorating Company and the plaintiffs have, at all times, done and performed all of the stipulations, conditions, and agreements stated in said contract to be performed on their part at the time and in the manner therein specified. That all of said work has been finally approved and final settlement and payment made by the owner to the prime contractor on March 7, 1966. That the plaintiff is now the actual and bona fide holder and owner of said contract and all payments due and to become due thereunder.
That although the defendants had obligated themselves to pay the sum of $3,-300.00 for said work as provided for in said contracts, said defendants have paid only the sum of $2,100.00, leaving a principal balance due on said contracts in the amount of $1,200.00 which is now long past due and unpaid and which is now due and owing from the defendants to the plaintiffs.
The answer admitted the contract, but charged Martin had abandoned the job without even earning $2,100 thereon, and that defendant completed the job at great expense to himself. He denies owing $1,-200 or any amount. In response to the requisite affidavit, appellant filed a bill of particulars and an amendment thereto.
The original bill of particulars itemized labor expense of appellant at $675.62. It also alleged a “vehicle expense” of $31.24 a material cost of $122.94; and further alleged embarrassment and future loss of business, which claimed elements of damage would be speculative. The original bill of particulars also charged:
Your defendant was further damaged by the failure of the plaintiff and their assignors to complete the job in that he had to quit what he was doing, travel backwards and forwards to Jackson County, Mississippi to see that the job was completed. * * * actually costing him an additional $500.00 in auto expense and time lost to complete the job.
Appellees had written appellant that the total advanced by them and due under the assignment was $2,700; and as stated the declaration said $2,100 had been paid.
An amendment to the bill of particulars stated that the $2,100 was paid — $1,500 to appellees and Martin, jointly, and $600 to Martin alone. There was no amendment to the declaration .and no proof that the $600 paid Martin was or was not with the consent of appellees.
Appellees stipulated with appellant that the amount spent for labor and material was $675.62. However, this apparently does not include $122.94 alleged in the bill of particulars to have been spent for paint nor $31.24 of vehicle expense alleged to have been incurred. There is also nothing in the record to show that the $600 paid to Martin was not paid with the consent of appellees, *245 except an oral statement by counsel for appellant that same was without authority of appellant, although appellant gave credit therefor on the original account in the declaration which was never amended.
While the allegations in the bill of particulars as to embarrassment, loss of money, and business are speculative, there is an allegation that appellant was necessarily caused, by the breach of the contract, to expend sums in addition to those for labor and material.
We are not favored with argument or authorities as to the recoverability of these expenses. Whether they are recoverable may depend on the facts produced at trial, but as we view the pleadings, there were matters in dispute requiring proof. Therefore, it was error to grant a judgment on the pleadings, and this case is reversed and remanded.
Reversed and remanded.
ETHRIDGE, C. J., and PATTERSON, INZER, and ROBERTSON, TT., concur.